# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-111 |
| | ) | |
| SHEFTALL GIDDENS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Sheftall Giddens is indicted on a single count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B). Doc. 2 at 1.  He moves to suppress evidence collected from his home, pursuant to a search warrant, on the grounds that the warrant was not supported by probable cause.  *See generally* doc. 26.  The Government opposes.  Doc. 27.  On October 15, 2019, the Court held a hearing on Giddens' motion.  Doc. 39 (Minute Entry).  No testimony was offered by either party, but the parties stipulated to the admission of a redacted copy of the warrant and its supporting materials.  *See* doc. 39-1.

The search Giddens challenges was authorized by a warrant issued by the undersigned.  Doc. 26 at 1.  Giddens does not allege that officers acted unreasonably in executing the warrant, but only that the affidavit supporting it failed to provide sufficient facts for a finding of probable

cause. *Id.* at 1-2. Specifically, Giddens contends that "[t]he mere allegation that a laptop computer with an internet service registered to [his] address sent seven non-pornographic images of children to an HSS agent some eight months previously is not sufficient to establish probable cause to search the residence for child pornography." *Id.* at 2 (¶ 4). The Government counters that the affidavit, when subjected to the requisite practical, common-sense scrutiny, supports the probable cause finding. *See* doc. 27 at 5.

The Supreme Court has established that, in evaluating the sufficiency of an issuing magistrate's determination of probable cause, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). In considering whether the affiant's proffer and issuing judge's acceptance of the existence of "probable cause" for the authorizations are adequate, it is important to remember that the standard for review is "exceedingly deferential." *See United States v. Rangel*, 2018 WL 817845, at * 6 (S.D. Ga. Jan. 18, 2018). "A reviewing court's task is not to make a *de novo* finding of probable cause but rather to decide whether the issuing magistrate—whose assessment of the

affidavit's factual presentation is entitled to 'great deference'—had a 'substantial basis' for finding probable cause." *Id.* (quoting *Gates*, 462 U.S. at 236, 238-39); *see also United States v. Leon*, 468 U.S. 897, 914 (1984) ("Reasonable minds frequently may differ on the question of whether a particular affidavit establishes probable cause, and we have thus concluded that the preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination." (citations omitted)).   In even "'doubtful or marginal cases,'" the probable cause determination should be upheld. *Rangel*, 2018 WL 817845, at * 6 (quoting *United States v. Scott*, 555 F.2d 522, 527 (5th Cir. 1977)).   Probable cause, itself, requires neither convincing proof nor *prima facie* showing of criminality; only a "substantial chance" of such activity is required. *See Gates*, 462 U.S. at 235.   Given that standard, even assuming Giddens' interpretation of the affidavit's contents, the affidavit and the resulting warrant survive scrutiny.

Substantively, Giddens' argument is similar to the argument considered in *Aguilar v. Texas*, 378 U.S. 108 (1964), *abrogated on other grounds by Illinois v. Gates*, 462 U.S. 213 (1983).   Although *Aguilar* recognized the considerable deference due to the issuing magistrate's

probable cause determination, *see id.* at 111, the affidavit was determined constitutionally deficient because it established probable cause by the recitation of a "mere conclusion," *id.* at 114.   Similarly, here, Giddens argues that ¶ 23 of the warrant affidavit merely reports the conclusion that the images sent "appeared to be child pornography."  Doc. 39-1 at 15. Counsel argued at the hearing that the statement was a "mere conclusion," invoking Justice Stewart's striking aphorism that it is only possible to "know [obscenity] when [you] *see* it."  *Jacobellis v. Ohio*, 378 U.S. 184, 197 (1964) (emphasis added) (Stewart, J. concurring). Defendant argues that the affidavit's report—in the absence of any depiction or description of the images supporting their characterization as pornographic—must be conclusory.

There are two flaws in defendant's argument.  First, "[t]o obtain a warrant, the detectives were not required to show that they had actually found child pornography.  Rather, they needed to establish only the 'fair probability that contraband or evidence of a crime will be found in a particular place.'"  *United States v. Cannon*, 703 F.3d 407, 414 (8th Cir. 2013) (*quoting Gates*, 462 U.S. at 238)).  Whether the images that the agent reportedly observed *were* child pornography or not is, therefore, not

dispositive of probable cause.  It is entirely possible for probable cause to be predicated on images that are not child pornography, but merely "appear" to be.  Second, unlike the "mere conclusions" rejected in *Aguilar*, the affidavit here includes additional factual testimony.  The affidavit, considered as a whole, supports the probable-cause finding.

In order to evaluate whether the affidavit provides a sufficient factual basis for probable cause, notwithstanding the ambiguous character of the images, the Court assumes *arguendo* that the images are not pornographic.  Under that assumption, then, the affidavit's factual assertions can be summarized as follows: (1) an individual logged on to a software application known to be popular with those seeking to anonymously exchange child pornography, doc. 39-1 at 13-14 (¶¶ 19-20); (2) the individual had listed his interests on the site, for purposes of matching him with like-interested users, as "video," *id.* at 14 (¶ 21); (3) an agent interacted with the unidentified user, who provided a link to an on-line data storage site (*i.e.* Dropbox), containing "images that appeared to be child pornography," *id.* at 14-15 (¶¶ 22-23); (4) the "apparent" child pornography was compared to known images of child victims (both pornographic and non-pornographic) through the National Center for

Missing and Exploited Children (NCMEC), *id.* at 18 (¶ 37); (5) based on that comparison, several images were identified as members of "known series containing child victims who have been identified by law enforcement," *id.* at 19 (¶ 38).  Whether the images have been, or indeed ever are, adjudicated to be child pornography, their exchange, in the context, is certainly, as defense counsel conceded at the hearing, "suspicious."  This exchange of even suggestive, albeit non-pornographic images of known child victims through a website known to be favored by traffickers in child pornography establishes the necessary "substantial basis" that the source of the images was in possession of child pornography.  This substantial basis remains even if reasonable minds could differ on whether the images themselves established a "fair probability" that their source was in possession of child pornography. Given that the affidavit provided, at least, arguable probable cause, defendant's motion should be **DENIED**.  Doc. 26.

Even if the determination of probable cause were demonstrably erroneous, however, the evidence collected would remain admissible. The Government contends that the evidence discovered is admissible, despite any infirmity in the warrant's probable-cause basis, pursuant to

the "good faith" exception to the exclusionary rule.  Doc. 27 at 9-12.  The Supreme Court, in *United States v. Leon*, held that officers' objectively reasonable reliance on a warrant, even one which was subsequently determined to lack probable cause, removed any practical justification for applying the exclusionary rule.  *See* 468 U.S. 897, 921 (1984) (excluding evidence because the executing officer reasonably relied on the issuing magistrate's probable cause determination, "cannot logically contribute to the deterrence of Fourth Amendment violations.").  Given that exception, "searches conducted pursuant to warrants will rarely require suppression."  *United States v. Taxacher*, 902 F.2d 867, 871 (11th Cir. 1990).

Despite the rarity of suppression of evidence collected pursuant to a warrant, the exclusionary rule continues to apply where the executing officer has "no reasonable grounds for believing that the warrant was properly issued."  *Leon*, at 922-23.  *Leon* identified four situations where suppression would remain appropriate: (1) where the officer misled the issuing magistrate by intentionally or recklessly including false information in the affidavit, (2) "where the issuing magistrate wholly abandoned his judicial role" by failing to act neutrally, (3) where the

7

"affidavit so lack[s] . . . indicia of probable cause as to render official belief in its existence entirely unreasonable," and (4) where the warrant issued is "so facially deficient . . . that the executing officers cannot reasonably presume it to be valid." *Id.* at 923. At the hearing, defense counsel suggested that, since the affiant also executed the warrant, and the affidavit, in counsel's view, was insufficient to establish probable cause, the officer could not have had a "good faith" belief in the existence of probable cause, arguably invoking the third *Leon* exception. This argument is unavailing.

The Court's earlier finding that the affidavit provided, at least, a "substantial basis" for a finding of probable cause belies any contention that it so lacked indicia of probable cause that a reasonable officer could not have relied upon it. As *Leon* recognized, "[i]n the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination . . . ." *Leon*, 468 U.S. at 921. This case is not extraordinary. The determination that there was a "substantial basis" for the original probable cause finding, is, therefore, equally adequate to establish that the executing officer had a good faith belief in the warrant's validity. If the issuing magistrate acted reasonably (even if

erroneously), then so did the officer.   Accordingly, the good-faith exception precludes suppression.  The good-faith exception, therefore, provides alternative basis to deny the motion.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>29th</u> day of

October, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA